

RQ 909

# THE ATTORNEY GENERAL
## OF TEXAS

March 26, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert M. Saunders
Chairman
Committee on Agriculture and
   Livestock
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-657

Re: Effect of the federal Food Security Act of 1985 on provisions of state law relating to security interests in agricultural products

Dear Representative Saunders:

In 1985 the United States Congress enacted legislation that provides protection for purchasers of farm products from secured creditors of the seller. 7 U.S.C. §1631 (Supp. III 1985). You ask whether that federal legislation preempted sections 9.307(a) and (d) and 9.401 (a) and (f) of the Texas Business and Commerce Code and section 32.33(f) of the Texas Penal Code.

The explicit purpose of the federal legislation was to preempt certain state laws. Subsections (a) and (b) of section 1631 provide:

> Congress finds that --
>
> (1) certain State laws permit a secured lender to enforce liens against a purchaser of farm products even if the purchaser does not know that the sale of the products violates the lender's security interest in the products, lacks any practical method for discovering the existence of the security interest, and has no reasonable means to ensure that the seller uses the sales proceeds to repay the lender;
>
> (2) these laws subject the purchaser of farm products to double payment for the products, once at the time of purchase, and again when the seller fails to repay the lender;
>
> (3) the exposure of purchasers of farm products to double payment inhibits free competition in the market for farm products; and

> (4) this exposure constitutes a burden on and an obstruction to interstate commerce in farm products.
>
> The purpose of this section is to remove such burden on and obstruction to interstate commerce in farm products.

7 U.S.C. §1631(a), (b) (Supp. III 1985). A house report on section 1631 states:

> The bill is intended to preempt state law (specifically the so-called 'farm products exception' of Uniform Commercial Code section 9-307) to the extent necessary to achieve the goals of this legislation. Thus, this Act would preempt state laws that set as conditions for buyer protection of the type provided by the bill requirements that the buyer check public records, obtain no-lien certificates from the farm products sellers, or otherwise seek out the lender and account to that lender for the sale proceeds. By contrast, the bill would not preempt basic state-law rules on the creation, perfection, or priority of security interests.

H.R. Rep. No. 99-271, 99th Cong., reprinted in 1985 U.S. Code Cong. & Admin. News 1103, 1214.

The federal legislation contains the following provision:

> Except as provided in subsection (e) of this section and notwithstanding any other provision of Federal, State, or local law, a buyer who in the ordinary course of business buys a farm product from a seller engaged in farming operations shall take free of a security interest created by the seller, even though the security interest is perfected; and the buyer knows of the existence of such interest. (Emphasis added).

7 U.S.C. §1631(d). Subsection (e) of section 1631, which contains exceptions to the provision above, provides that a buyer of farm products takes subject to a security interest if the buyer received notice of the security interest before buying the farm products and if the notice meets certain other requirements. 7 U.S.C §1631(e)(1). In addition, subsection (e) provides that a buyer of farm products takes subject to a security interest if the products were produced in a state that has a central filing system as defined in section 1631 and if the buyer had constructive notice of the security interest as

provided for in section 1631(e)(2) or (3). The secretary of agriculture must certify that a particular state's filing system qualifies as a central filing system for purposes of section 1631. 7 U.S.C. §1631(c)(2).

Your first question is whether the federal statute preempts section 9.307, subsections (a) and (d), of the Texas Business and Commerce Code. Section 9.307(a) thereof provides:

> Except as provided by Subsection (d) of this section, a buyer in ordinary course of business (Subdivision (9) of Section 1.201) other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence. (Emphasis added).

Subsection (d) of section 9.307 provides:

> A secured party, including a secured party under a security interest covered by Section 9.312(b) of this code, may not enforce a security interest in farm products against a person who has purchased the farm products from a person engaged in farming operations unless the secured party gives notice of the security interest to the buyer by certified mail, return receipt requested, not later than the 90th day after the date of purchase. The notice must state the terms of the security interest and the amount claimed to be owed to the secured party. (Emphasis added).

Section 9.307(a) is the Texas version of the provision that Congress intended to preempt. See H.R. Rep. No. 99-271, supra. Subsection (d) of section 9.307 provides some protection for buyers of farm products. Because subsection (d) allows a secured creditor to protect his security interest by giving the buyer notice within 90 days after the sale, however, the provisions of the Texas statute are less favorable to buyers than the notice provisions in the federal statute, which allow a secured party to protect his security interest only by prior notice. Because the federal statute was intended to ease the burden on purchasers of farm products, we conclude that the federal statute preempted both subsection (a) and subsection (d) of section 9.307 of the Texas Business and Commerce Code.

Your second question is whether the federal legislation preempts section 9.401, subsections (a) and (f), of the Texas Business and Commerce Code. Section 9.401(a) sets out the proper places to file in order to perfect a security interest:

The proper place to file in order to perfect a security interest is as follows:

(1) when the collateral is consumer goods, then in the office of the County Clerk in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the County Clerk in the county where the goods are kept;

(2) when the collateral is timber to be cut or is minerals or the like (including oil and gas) or accounts subject to Subsection (e) of Section 9.103, or when the financing statement is filed as a fixture filing (Section 9.313) and the collateral is goods which are or are to become fixtures, then in the office of the County Clerk in the county where a mortgage on the real estate would be filed or recorded;

(3) in all other cases, in the office of the Secretary of State.

Section 9.401(f) deals with continuation statements:

A continuation statement filed to continue a security interest perfected before September 1, 1985, in collateral that is equipment used in farming operations, farm products, or accounts or general intangibles arising from or relating to the sale of farm products by a farmer must be filed in the office of the Secretary of State, and must contain the information contained in the original financing statement, in addition to the information required for a continuation statement under Section 9.403 of this code. The priority of such a security interest is not affected by the fact that a continuation statement filed according to this subsection is filed at a different place than the original financing statement.

The federal legislation provides for constructive notice of security interests in farm products in states that have central filing systems certified by the secretary of agriculture. As of January 23, 1987, Texas did not have a certified central filing system. See, e.g., 51 Fed. Reg. 45493 (1986) (North Dakota's central filing system certified); see generally, CIS Federal Register Index (under heading "Food Security Act"). The federal statute does not require states to have central filing systems. Rather, it merely allows for constructive notice of security interests in farm products in states that have

central filing systems.  In states that do not have central filing systems, secured parties can protect their security interests only by giving actual notice to potential buyers.  In order to permit constructive notice, states may wish to change their filing systems, but the federal legislation does not mandate such a change.  Also, the house report cited above states that the federal legislation would not preempt "basic state laws on the creation, perfection, or priority of security interests."  Filing is often required for the perfection of a security interest.  See Tex. Bus. & Comm. Code §9.302.  Also, filing may determine the priority of security interests.  See Tex. Bus. & Comm. Code §9.312.  Because the federal statute does not mandate a central filing system and because it was not intended to change state procedures regarding perfection or priority of security interests, we conclude that the federal legislation does not preempt subsections (a) and (f) of section 9.401.

Your third question is whether the federal legislation preempts the following provision in the Texas Penal Code:

> A person who is a debtor under a security agreement, and who does not have a right to sell or dispose of the secured property or is required to account to the secured party for the proceeds of a permitted sale or disposition, commits an offense if the person sells or otherwise disposes of the secured property, or does not account to the secured party for the proceeds of a sale or other disposition as required, with intent to appropriate (as defined in Chapter 31 of this code) the proceeds or value of the secured property.  A person is presumed to have intended to appropriate proceeds if the person does not deliver the proceeds to the secured party or account to the secured party for the proceeds before the 11th day after the day that the secured party makes a lawful demand for the proceeds or account.  An offense under this subsection is:
>
> (1)  a Class A misdemeanor if the proceeds obtained from the sale or other disposition are money or goods having a value of less than $10,000;
>
> (2)  a felony of the third degree if the proceeds obtained from the sale or other disposition are money or goods having a value of $10,000 or more.

Tex. Penal Code §32.33(f).  This provision applies to all types of secured property, not just farm products.  We assume you are asking

whether the federal legislation excepts farm products from the coverage of section 32.33(f). We conclude that it does not. Under section 32.33(f) it is a crime for a debtor under a security agreement to sell or dispose of secured property without accounting to the secured party for the proceeds if the security agreement requires the debtor to account to the secured party for the proceeds. Not only does section 32.33(f) protect secured creditors, but it also protects subsequent buyers of secured property. Therefore, it is in harmony with the intent of the federal legislation.

We note that the federal legislation also makes certain conduct a criminal offense:

> (1) A security agreement in which a person engaged in farming operations creates a security interest in a farm product may require the person to furnish to the secured party a list of the buyers, commission merchants, and selling agents to or through whom the person engaged in farming operations may sell such farm product.

> (2) If a security agreement contains a provision described in paragraph (1) and such person engaged in farming operations sells the farm product collateral to a buyer or through a commission merchant or selling agent not included on such list, the person engaged in farming operations shall be subject to paragraph (3) unless the person --

>> (A) has notified the secured party in writing of the identity of the buyer, commission merchant, or selling agent at least 7 days prior to such sale; or

>> (B) has accounted to the secured party for the proceeds of such sale not later than 10 days after such sale.

> (3) A person violating paragraph (2) shall be fined $5,000 or 15 per centum of the value or benefit received for such farm product described in the security agreement, whichever is greater.

7 U.S.C. §1631(h). Under both the federal statute and the Texas statute, failure of a debtor under a security agreement to account for proceeds may constitute a crime. We do not think that overlap in coverage, however, is indicative of congressional intent to preempt state law provisions such as section 32.33(f). The federal legislation was intended to preempt state law only to the extent necessary to

achieve the goal of easing the burden on purchasers of farm products. Section 32.33(f) helps, rather than hinders, that goal. Further, state prosecution and federal prosecution of the same person for the same act does not constitute double jeopardy. United States v. Wheeler, 435 U.S. 313 (1978). Therefore, we conclude that the federal legislation did not remove farm products from the coverage of section 32.33(f) of the Penal Code.

S U M M A R Y

Federal legislation intended to protect purchasers of farm products from secured creditors of the seller preempts subsections (a) and (d) of section 9.307 of the Texas Business & Commerce Code. It does not preempt subsections (a) and (f) of section 9.401 of the Texas Business and Commerce Code or section 32.33(f) of the Texas Penal Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General